UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

MARY ANN LEUCHTMANN,

    Plaintiff,

v.                              CASE NO.:

PERFORMANCE MEDICAL MANAGEMENT LLC
A Florida Limited Liability Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, MARY ANN LEUCHTMANN ("Ms. Leuchtmann" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Miami-Dade County, Florida.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and the venue, therefore, for this case is the Miami Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Leuchtmann worked as a Manager for Defendant from July 31, 2004, until her termination on December 21, 2018.

8. For more than fourteen (14) years, Ms. Leuchtmann was an excellent employee, with no history of non-ADA/FMLA related attendance, disciplinary, or performance issues.

9. Unfortunately, on November 7, 2018, Ms. Leuchtmann's daughter found Plaintiff incapacitated and unresponsive at her home.

10. Frightened, her daughter rushed Ms. Leuchtmann to West Side Regional Medical Center ("West Side") for emergency treatment.

11. Ms. Leuchtmann's daughter, who also was employed by Defendant, informed Plaintiff's supervisors of Ms. Leuchtmann's dire medical state that same day to ensure that her mother's job was not only protected, but also so Defendant could attend to its staffing needs.

12. Physicians at West Side confirmed that Ms. Leuchtmann had lost consciousness because she suffered a severe brain bleed and two (2) heart attacks.

13. At the time, doctors even remarked that Plaintiff was "lucky to be alive."

14. As a result of these medical complications, Ms. Leuchtmann did not even regain lucidity until weeks later, rendering her medical conditions serious health as defined by the FMLA.

15. Throughout Plaintiff's time away from work while under medical care, Ms. Leuchtmann's daughter kept Defendant's management apprised of her mother's condition and diagnosis, triggering the protections of the FMLA.

16. On December 1, 2018, Ms. Leuchtmann regained full lucidity and sought to transfer herself to another rehabilitation facility to continue with her recovery.

17. Accordingly, Ms. Leuchtmann approached West Side Doctor, Jennifer Montanti ("Dr. Montanti"), who worked within Defendant's medical group, and requested to be transferred.

18. Accordingly, Dr. Montanti recommended a transfer to Aventura Hospital & Medical Center and then to St. Catherine's Rehabilitation Hospital, where Ms. Leuchtmann was finally able to check her e-mail and properly request FMLA (as Defendant neglected to facilitate the process).

19. On December 7, 2018, Ms. Leuchtmann was approved for continuous FMLA leave from November 7, 2018, until January 29, 2019.

20. Nevertheless, throughout her recovery, Ms. Leuchtmann kept her Manager, Doctor Julie Schwartzbard ("Dr. Schwartzbard"), appraised of her progress and of her intent to return to work following her federally protected medical leave.

21. On December 20, 2018, Ms. Leuchtmann called Dr. Schwartzbard to discuss her anticipated return to work the following month.

22. The next day, Dr. Schwartzbard called Ms. Leuchtmann and informed her that she was terminated, effective immediately.

23. When Ms. Leuchtmann asked what the reason for her termination was, Dr. Schwartzbard merely stated that Defendant was being "restructured" and ended the call.

24. At no time prior to, or during Plaintiff's termination meeting, did Dr. Schwartzbard or any representative of Defendant advise Plaintiff that she was being terminated for dishonesty or any other performance related concerns.

25. Terminating an employee for utilizing FMLA leave, or what should be FMLA leave, is the very definition of interference and retaliation, under the FMLA. *See* 29 C.F.R. § 825.220(a)(2).

26. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

27. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

28. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

29. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

30. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

31. Defendant did not have a good faith basis for its actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

35. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

36. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of what should have been, FMLA protected leave.

41. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

42. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

43. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 13th day of August 2019.

                        Respectfully Submitted,

                        By**:/s _Richard Guadagnolo_**
                        Noah E. Storch, Esq.
                        Florida Bar No. 0085476
                        Richard Guadagnolo, Esq.
                        Florida Bar No. 109104
                        RICHARD CELLER LEGAL, P.A.
                        10368 W. SR. 84, Suite 103
                        Davie, Florida 33324
                        Telephone:  (866) 344-9243
                        Facsimile:   (954) 337-2771

        E-mail: noah@floridaovertimelawyer.com
        E-mail: rich@floridaovertimelawyer.com

        *Attorneys for Plaintiff*